UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BRENDON ALAN McCORD,**

        **Plaintiff,**

        v.                                    Case No. 18-CV-1311

**LT. JOHN DOES #1-2,**
**JOHN DOE #1, JANE DOE #2,**
**JOHN DOE #3, JANE DOE #4**

        **Defendants.**

---

## ORDER

---

Plaintiff Brendon Alan McCord, a prisoner at the Milwaukee County Jail who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. This order resolves McCord's motion for leave to proceed without prepaying the filing fee and screens his complaint.

*Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act applies to this case because McCord was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil

case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id*.

On August 31, 2018, the court ordered McCord to pay an initial partial filing fee of $30.93. McCord paid the fee on September 20, 2018. Accordingly, the court will grant McCord's motion to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or

2

persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

McCord alleges that between February 5 and February 8, 2018, he was placed in segregation in the Milwaukee County Jail without receiving a disciplinary report 24 hours prior to a hearing. He also alleges that he never had the hearing, contrary to the jail's policies and procedures. He claims that this violated his right to due process under the Fourteenth Amendment.

McCord further alleges that while he was in segregation for those three days the defendants violated his Eighth Amendment rights because they were deliberately indifferent to the conditions of his segregation cell. He claims that was denied recreation, and defendants did not allow him to shower. McCord also claims that because the defendants turned off his water, he could not flush his toilet or wash his hands. Regarding the toilet, McCord alleges that the defendants knew his feces and urine remained in the toilet but did not address the issue. He claims that these conditions created unsafe and unreasonable health and safety issues because he was forced to eat in the presence of the

unflushed feces and urine and could not wash his hands before eating. As a result of these conditions, he alleges he developed allergy issues, including hives and rashes. He further alleges that he received treatment, but the allergy medications he was given worked inconsistently.

*Analysis*

The court begins with McCord's Eighth Amendment claim because the analysis related to the conditions of the segregation cell required under the Eighth Amendment informs both that claim and his due process claim. McCord alleges enough to proceed on an Eighth Amendment claim of deliberate indifference with regard to the conditions of his segregation cell.

A plaintiff states a claim that prison conditions violate his Eighth Amendment rights where he can demonstrate that prison officials were deliberately indifferent to conditions that deny the plaintiff "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An individual condition on its own may not rise to an Eighth Amendment violation, but several conditions "may violate the Constitution in combination when they have 'a mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd v. Motley*, 711 F. 3d 840 (7th Cir. 2013) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). For instance, where unhygienic conditions are combined with a lack of running water or cleaning supplies, it can rise to an Eighth Amendment violation. *Vinning-El v. Long*, 482 F. 3d 923, 924-25

(7th Cir. 2007). The unhygienic situations can include situations where an inmate was exposed to human waste for as little as 36 hours. *Id*. at 924 (citing *DeSpain v. Uphoff*, 264 F. 3d 965, 974 (10th Cir. 2001)).

McCord alleges that his water was shut off for approximately three days, that he was unable to shower or wash his hands, and that he was exposed to human waste, including at meal times. That sufficiently alleges that his conditions deprived him of basic human needs.

McCord also must allege that the defendants were deliberately indifferent to the conditions and that he suffered a cognizable harm as a result. *Grady v. Hardy*, 826 F. 3d 1000, 1006 (7th Cir. 2016). To state a claim that defendants were deliberately indifferent, a plaintiff must allege that the prison official knew of and ignored conditions that caused excessive risks to health and safety. *Id*. at 1008 (citing *Farmer* 511 U.S. at 834). McCord alleges that the defendants were responsible for shutting off his water; knew that he could not wash his hands; and knew that the toilet could not flush his feces and urine. He further alleges that defendants chose to leave the feces and urine in the toilet, making McCord eat his meals while exposed to it. These allegations state a claim that the defendants were deliberately indifferent.

For a plaintiff to claim that he suffered a cognizable harm, he must allege "a physical injury 'that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an

individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1006 (quoting *Hayes v. Snyder*, 546 F. 3d 516, 523 (7th Cir. 2008)). Skin rashes constitute a physical injury under this standard. *Id.* (noting the lower standard to prove injury for prison condition cases as opposed to inadequate medical treatment cases under the Eighth Amendment). McCord alleges that as a result of the segregation cell conditions he suffered from allergies that caused hives and rashes. Thus, he states a claim that he suffered a cognizable harm.

Because McCord alleged all the necessary elements, the court will allow him to proceed on his Eighth Amendment claim for deliberate indifference to conditions of confinement.

Regarding the Fourteenth Amendment due process claim, a plaintiff must allege that a state actor deprived him of a protected liberty or property interest without providing adequate process. *Salas v. Wisc. Dept. of Corrections*, 493, F. 3d 913, 927, (7th Cir. 2007). McCord has alleged that he was put into segregation without receiving his disciplinary report or a hearing. While McCord's duration of confinement in segregation was only three days, he also alleged extreme conditions, as described above, which at this stage is enough to proceed.

The liberty interest alleged here—avoiding segregation—depends "on whether the confinement imposed 'an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway v. Meyerhoff*, 734 F. 3d 740, 743 (7th

individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1006 (quoting *Hayes v. Snyder*, 546 F. 3d 516, 523 (7th Cir. 2008)). Skin rashes constitute a physical injury under this standard. *Id.* (noting the lower standard to prove injury for prison condition cases as opposed to inadequate medical treatment cases under the Eighth Amendment). McCord alleges that as a result of the segregation cell conditions he suffered from allergies that caused hives and rashes. Thus, he states a claim that he suffered a cognizable harm.

Because McCord alleged all the necessary elements, the court will allow him to proceed on his Eighth Amendment claim for deliberate indifference to conditions of confinement.

Regarding the Fourteenth Amendment due process claim, a plaintiff must allege that a state actor deprived him of a protected liberty or property interest without providing adequate process. *Salas v. Wisc. Dept. of Corrections*, 493, F. 3d 913, 927, (7th Cir. 2007). McCord has alleged that he was put into segregation without receiving his disciplinary report or a hearing. While McCord's duration of confinement in segregation was only three days, he also alleged extreme conditions, as described above, which at this stage is enough to proceed.

The liberty interest alleged here—avoiding segregation—depends "on whether the confinement imposed 'an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway v. Meyerhoff*, 734 F. 3d 740, 743 (7th

Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). While short terms in segregation do not typically implicate a liberty interest, such an interest can be implicated where the conditions are harsh. *Id*. What qualifies as a harsh condition under this standard has yet to be clearly defined, *see Kervin v. Barnes*, 787 F. 3d 833, 835 (7th Cir. 2015), but at this stage of the case, if the conditions are harsh enough to proceed on an Eighth Amendment claim, it is reasonable to allow McCord to proceed on a Fourteenth Amendment claim as well. *See Gillis v. Litscher*, 468 F. 3d 488, 492 (7th Cir. 2008) ("[T]he denial of life's necessities alone could give rise to a liberty interest but still fall short of violating the Eighth Amendment.").

Because McCord does not know the names of the John and Jane Doe defendants, the court will name Milwaukee County Sheriff Richard R. Schmidt as a defendant for the limited purpose of helping McCord identify the real names of the Does. *See Donald v. Cook County Sheriff's Dept.*, 95 F. 3d 548, 556 (7th Cir. 1996).

Sheriff Schmidt will be served with McCord's complaint and a copy of this order. He does not have to respond to McCord's complaint. After Sheriff Schmidt's attorney files an appearance in this case, McCord may serve discovery upon Sheriff Schmidt (by mailing it to his attorney at the address in the notice of appearance) to get information that will help him identify the real names of the Doe defendants. For example, McCord may serve interrogatories (written questions) under Rule 33 of the Federal Rules of Civil Procedure or document requests under Fed. R. Civ. P. 34. Because McCord has not

stated a claim against Sheriff Schmidt, McCord's discovery requests must be limited to information or documents that will help him learn the real names of the Doe defendants. McCord may not ask Sheriff Schmidt about any other topic, and Sheriff Schmidt is under no obligation to respond to requests about any other topic.

After McCord identifies the real names of the Doe defendants, he must file a motion to substitute the real names for the Doe placeholders. The court will dismiss Sheriff Schmidt as a defendant once McCord identifies the Doe defendants' real names. After the Doe defendants are served with McCord's complaint and have an opportunity to respond, the court will set a deadline for discovery. At that point, McCord may use discovery to get the information he needs to prove his claims.

McCord must identify the real names of the Doe defendants within sixty days of Sheriff Schmidt appearing in this case. If he does not, or does not explain to the court why he is unable to identify their real names, the court may dismiss this case based on his failure to diligently pursue it. Civil L.R. 41(c).

**ORDER**

**IT IS THEREFORE ORDERED** that McCord's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of McCord shall collect from his institution trust account the $ 319.07 balance of the filing fee by collecting monthly payments from McCord's prison trust account in an amount equal to

20% of the preceding month's income credited to McCord's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McCord is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with McCord's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order will be sent to the officer in charge of the agency where McCord is confined and to Dennis Brand at the Milwaukee County Safety Building.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between Milwaukee County and this court, copies of McCord's complaint and this order are being electronically sent today to Milwaukee County for service on Sheriff Richard R. Schmidt.

**IT IS FURTHER ORDERED** that Sheriff Schmidt does not have to respond to McCord's complaint; however, he must respond to McCord's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that McCord must identify the Doe defendants' real names within sixty days of Sheriff Schmidt's attorney filing a notice of appearance in the case. If he does not, or does not explain to the court why he is unable to identify the

Doe defendants' real names, the court may dismiss this case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that McCord shall mail all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises McCord that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 24th day of October, 2018.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge